## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------

DORIAN HUDSON                        :
2332 North 26th Street                :
Philadelphia, PA 19132           :
                                     :
           Plaintiff,        :
                                       :      Civil Action No.: _____
          v.                    :
                                       :      **JURY TRIAL DEMANDED**
EXPRESS TRANSFER &          :
TRUCKING                          :
8192 National Highway           :
Pennsauken Township, NJ 08110  :
                                       :
           Defendant.      :

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Dorian Hudson ("Plaintiff"), by and through his undersigned counsel, brings this action against his prior employer, Express Transfer & Trucking ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action contending that Defendant has unlawfully failed to pay him overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a, *et seq.*

2.     Additionally, Plaintiff brings this action to redress violations by Defendant of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, ultimately terminating his employment for his actual and/or perceived disability, such disability Defendant regarded Plaintiff as having, and in retaliation for Plaintiff's requests for a reasonable accommodation in connection thereto.  As a result, Plaintiff has suffered damages as set forth herein.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

4.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's federal claims.

6.      In the alternative, this Court has diversity jurisdiction over this matter pursuant to 29 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and the parties are citizens of different states.

7.      Personal jurisdiction over Defendant exists in the state of New Jersey as Defendant maintains an office location within the state of New Jersey in Pennsauken Township, New Jersey, and conducts business throughout the state of New Jersey.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant does business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## PARTIES

9.      Plaintiff Dorian Hudson is a citizen of Pennsylvania and the United States and currently resides at 2332 North 26th Street, Philadelphia, PA 19132.

10.     Upon information and belief, Defendant Express Transfer & Trucking is a for-profit business organized and existing under the laws of New Jersey, with a principal place of business located at 8192 National Highway, Pennsauken Township, NJ 08110.

2

11.     Defendant is a "private employer" and covered by the FLSA.

12.     Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13.     Plaintiff was an employee who was engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

14.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

### Facts Related to Plaintiff's FLSA/WHL Claims

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     In or around June 2017, Defendant hired Plaintiff in the position of Forklift Operator.

17.     During his tenure, Plaintiff received positive performance reviews, occasional praise, raises, and no significant discipline.

18.     At all times material hereto, Plaintiff was paid an hourly rate and was not paid on a salary basis.

19.     At the outset of his employment, Plaintiff routinely worked over forty (40) hours per week.  Specifically, Plaintiff routinely worked approximately forty-five (45) to fifty-five (55) hours per workweek.

20.     However, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

21.     Rather, Plaintiff was compensated at his regular rate of pay (i.e., straight time) for the remaining hours worked above forty (40) in a workweek.

22.     Early in his employment, Plaintiff complained to Defendant's Owner, Nick Johnson ("Mr. Johnson"), with respect to not being paid overtime compensation.

23.     By way of response, Mr. Johnson stated, "I will not pay you overtime, but will pay you straight time."

24.     From June 2017, until his separation on or about March 6, 2020, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

25.     By way of example, during the workweek of November 22, 2019, Plaintiff worked approximately fifty-five (55) hours, but did not receive any overtime compensation for the approximately fifteen (15) hours of overtime he worked that workweek.

26.     Upon information and belief, Defendant failed to supply information via posters and/or handbook(s) regarding overtime compensation.

27.     Upon information and belief, at all times material hereto, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

28.     The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and WHL.

29.     In violation of the FLSA and WHL, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

30.     Plaintiff is non-exempt within the meaning of the FLSA/WHL as he was compensated from the date of his hire until his separation on an hourly basis.  Because Plaintiff was paid on an hourly basis, he did not qualify for the executive, administrative, and/or learned professional exemptions under the FLSA/WHL.  All require Plaintiff to be paid on a bona fide salary basis or fee basis.  See 29 C.F.R. §§ 541.100, 541.200, 541.300.

31.     Plaintiff did not have the authority to hire, fire, or discipline other employee of Defendant, nor did Plaintiff make recommendations with respect to employee status changes to which Defendant gives substantial weight.

32.     Accordingly, Plaintiff does not qualify for the exemption for executive employees under the FLSA/WHL.

33.     Plaintiff did not perform non-manual office work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

34.     Accordingly, Plaintiff does not qualify for the exemption for administrative employees under the FLSA/WHL.

35.     Plaintiff's primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.  In this regard, Plaintiff's job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance

of routine mental, manual, and mechanical work.  Rather, Plaintiff was required to perform his

job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings

provided by Defendant.

36.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to

the exemption for learned professionals under the FLSA/WHL.

37.     Finally, there are/were no other exemptions under the FLSA and/or WHL which

could arguably be applicable to Plaintiff.

38.     Plaintiff was, within the meaning of the FLSA and WHL, a non-exempt employee

of Defendant and therefore entitled to overtime compensation for all hours he worked over forty

(40) in a workweek.

39.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered

damages.

**Facts Related to Plaintiff's LAD Claim**

40.     Paragraphs 1 through 39 are hereby incorporated by reference as though the same

were fully set forth at length herein.

41.     In or around June 2017, Defendant hired Plaintiff in the position of Forklift

Operator.

42.     During the course of his employment, Plaintiff received positive performance

reviews, occasional praise, raises, and no significant discipline.

43.     In or around December 2019, Plaintiff began experiencing health complications

that necessitated medical attention.

44.     Ultimately, Plaintiff was diagnosed with Hypertension in or around December

2019.

45.     The foregoing medical condition constitutes a disability within the meaning of LAD in that it substantially impairs Plaintiff's major life activities such as working, eating, sleeping, concentrating, and genera self-care.

46.     Plaintiff notified Defendant of his disability and required medications in connection thereto.

47.     On or about December 24, 2019, Plaintiff suffered a stroke/seizure as a result of his Hypertension and was immediately transported to a nearby hospital.

48.     As a result of his stroke/seizure, Plaintiff necessitated a medical leave of absence in connection to his disability.  Specifically, Plaintiff's Doctor recommended Plaintiff take one (1) to two (2) weeks of leave.

49.     Plaintiff informed Defendant of his Doctor's recommendations.

50.     Plaintiff's request for time off constitutes a request for a reasonable accommodation in connection to his disability.

51.     On or about January 6, 2020, Plaintiff returned to work without restrictions.

52.     That same day, on or about January 6, 2020, Plaintiff began coughing blood as a result of his disability, and was immediately transported to an emergency room.

53.     On or about January 6, 2020, Defendant contacted Plaintiff's wife, Vanessa Hudson ("Mrs. Hudson"), to provide Defendant with a drug and alcohol examination.

54.     Plaintiff required a brief medical leave of absence due to the January 6, 2020, medical complications in connection to his disability.

55.     Plaintiff's request for a finite medical leave of absence constitutes a request for a reasonable accommodation in connection to his disability.

56.     Plaintiff return to work on or about January 20, 2020.

7

57.     Upon Plaintiff's return to work, Defendant required Plaintiff to submit a drug and alcohol test from Plaintiff's Doctor before returning to forklift operations.

58.     Plaintiff contacted the hospital regarding his medical examination documents and directed his Doctor to send Defendant the requested medical documentation.

59.     Upon information and belief, Plaintiff's Doctor did not conduct a drug and alcohol examination as it was not deemed necessary to treat Plaintiff's disability.

60.     Upon information and belief, Plaintiff's Doctor sent Defendant a letter explaining why Plaintiff was not subjected to a drug and alcohol examination.

61.     On or about January 20, 2020, Defendant informed Plaintiff he was demoted and reduced Plaintiff's hourly rate of compensation.  Specifically, Defendant's Owner, Nick Johnson ("Mr. Johnson"), informed Plaintiff he was being demoted and his compensation reduced for failing to provide Defendant with a drug and alcohol test from Plaintiff's Doctor.

62.     In response, Plaintiff informed Defendant his Doctor previously provided a note explaining that a drug and alcohol test was not performed and detailed the Doctor's explanation why the drug and alcohol examination was not performed.

63.     By way of response, Mr. Johnson told Plaintiff that the Doctor's note provided was not acceptable.

64.     Shortly thereafter, on or about March 6, 2020, Defendant abruptly terminated Plaintiff's employment.

65.     It is believed and therefore averred that Defendant terminated Plaintiff on the basis of his actual and/or perceived disability, regarded Plaintiff as disabled, for Plaintiff's past record of impairment, and in retaliation of Plaintiff's requests for disability-related accommodations in connection thereto.

66.     At the time of his unlawful termination, Plaintiff was qualified for the position of Forklift Operator.

67.     Upon information and belief, at the time of his unlawful termination, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff.

68.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

69.     Paragraphs 1 through 68 are hereby incorporated by reference as though the same were fully set forth at length herein.

70.     Pursuant to Section 206(b) of the FLSA, non-exempt employees must be paid not less than the minimum wage for every hour worked in a workweek.

71.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

72.     According to the policies and practices of Defendant, Plaintiff has worked in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour Plaintiff worked in excess of forty (40) hours in a workweek.

73.     The foregoing actions of Defendant and the policies and practices of Defendant violated the FLSA.

74.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

75.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff's back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.     Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G.     All additional general and equitable relief Plaintiff may be entitled.

## COUNT II
## NEW JERSEY WAGE AND HOUR LAW
## N.J.S.A 34:56(a), *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

76.      Paragraphs 1 through 75 are hereby incorporated by reference as though the same were fully set forth at length herein.

77.      At all times relevant hereto, Plaintiff was an employee and Defendant an employer within the meaning of the N.J.S.A. § 34:11-56(a)(1), and the supporting New Jersey regulations.

78.      The overtime wage provisions of the New Jersey Wage and Hour Law and its supporting regulations apply to Defendant.

79.      At all times relevant, Plaintiff regularly worked over forty (40) hours per workweek.

80.      Defendant, however, failed to pay Plaintiff overtime wages at one-and-a-half-times the regular hourly wage for all hours worked in excess of forty (40) hours per week in violation of N.J.S.A. 34:11-56a, *et seq*.

81.      Defendant's failure to pay Plaintiff overtime compensation was knowing and intentional.

82.      Defendant willfully violated the New Jersey Wage and Hour Law by failing to keel full and accurate records of Plaintiff's hours worked in violation of N.J.A.C. 34:11-56(a)(22).

83.      By its actions alleged above, Defendant has violated the provisions of the New Jersey Wage and Hour Law by failing to properly pay minimum wages and overtime compensation, and failing to properly pay Plaintiff for all hours worked.

84.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of minimum wages, overtime compensation to be determined at trial, and entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*

**WHEREFORE**, Plaintiff prays for the following relief:

A.     An award to Plaintiff for the amount of unpaid minimum wages and overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the New Jersey Wage and Hour Law;

C.     An award to Plaintiff for liquidated damages; and

D.     An award to Plaintiff for any other damages available to him under applicable New Jersey law, and all such other relief as this Court may deem proper.

**COUNT III**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A 10:5-1, *et seq.***
**<u>DISABILITY DISCRIMINATION AND RETALIATION</u>**

85.     Paragraphs 1 through 84 are hereby incorporated by reference as though the same were fully set forth at length herein.

86.     Plaintiff is a qualified individual with a disability within the meaning of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, due to his Hypertension which substantially limits Plaintiff's ability to perform major life activities such as eating, sleeping, concentrating, and general self-care.

87.     Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

88.     It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disability, for Plaintiff's past record of impairment, regarded Plaintiff as disabled, and terminated Plaintiff's employment in retaliation of his request for an accommodation in connection thereto.

89.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant benefits, emotional pain and suffering, emotional distress and humiliation.

90.     The conduct described above constitutes a violation of the LAD and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Compensatory and/or exemplary damages in an amount to be determined at trial;

C.     Pre-judgment interest in an appropriate amount;

D.     Any and all relief provided for under the New Jersey Law Against Discrimination; and

E.     Such other and further relief as the Court deems just and equitable under the circumstances.

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By: _Michael Murphy_
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
_Attorney for Plaintiff_

Dated: May 11, 2020

14

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.