**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

DORIAN HUDSON                     :
                                  :
           Plaintiff,       :
                                  :   Civil Action No.: 20-5771
    v.                          :
                                  :
EXPRESS TRANSFER &                :
TRUCKING                          :
                                  :
           Defendant.       :

---

**MEMORANDUM IN SUPPORT OF THE PARTIES'**
**JOINT MOTION FOR AN ORDER APPROVING SETTLEMENT**

On or about May 11, 2020, Plaintiff Dorian Hudson ("Plaintiff") initiated this action against Defendant Express Transfer & Trucking ("Defendant"), alleging that Defendant violated the Fair Labors Standard Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and and the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a, *et seq.* by failing to pay her overtime compensation. Specifically, Plaintiff alleges that Defendant paid Plaintiff straight time for every hour worked and thus failed to pay her overtime compensation for all hours worked over forty (40) in a workweek. Additionally, Plaintiff brings this action to redress violations by Defendant of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, ultimately terminating his employment for his actual and/or perceived disability, such disability Defendant regarded Plaintiff as having, and in retaliation for Plaintiff's requests for a reasonable accommodation in connection thereto. As a result, Plaintiff has suffered damages as set forth herein. On or about August 10, 2020, Plaintiff and Defendant reached a settlement.

Because the proposed settlement involves a resolution of Plaintiff's claims under the FLSA, the Parties respectfully submit this Memorandum of Law in support of their Joint Motion to Approve Settlement Agreement.

Although the Third Circuit has yet to address the question of whether wage claims under the FLSA may be settled without court approval, "district courts within the Circuit have followed the approach endorsed by a majority of courts and assumed that judicial approval is necessary." See Lyons v. Gerhard's Inc., Civ. A, No. 14-06693, 2015 U.S. Dist. LEXIS 92348, at *6 n.1 (E.D. Pa. July 15, 2015). When considering whether to approve a proposed settlement of an FLSA claim, a district court must determine that: (1) the settlement involves a bona fide dispute; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace. See Lyons, 2015 U.S. Dist. LEXIS 92348, at *8; see also Lynan's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).

These factors have clearly been met in this case. First the proposed settlement involves the resolution of a bona fide dispute as to both Defendant's liability and Plaintiff's damages under the FLSA. As evidenced by the pleadings, this lawsuit involves a bona fide dispute over the number of hours worked by Plaintiff, and a non-exempt Forklift Operator who alleges he was denied overtime compensation for hours of work performed over forty (40) hours per work week.  Plaintiff alleges that he worked on average forty-five (45) to fifty-five (55) hours per work week from in or around June 2017 to March 6, 2020  See Compl. ¶¶ 19, 24.  Defendant, for its part, contends that Plaintiff did not work forty-five (45) to fifty-five (55) hours per work week and was paid for all hours worked.

With respect to the second factor, under the proposed Settlement Agreement, in the estimate of Plaintiff's counsel, Plaintiff stands to receive, **even after attorneys' fees and costs,** in excess (i.e. approximately one hundred eighteen percent (118%)) of the overtime compensation, liquidated damages, *and* back pay (to date, with respect to Plaintiff's LAD claims), which he could reasonably expect to prove at trial.[1] This result is considerable in light of the risks Plaintiff faced in establishing liability and damages in this case. If one excludes the back pay damages potentially recoverable by Plaintiff with respect to his LAD claims *and* attorneys' fees and costs, this percentage increases to a recovery by Plaintiff of approximately three hundred eighty percent (380%) of Plaintiff's total estimated potential recovery in overtime compensation and liquidated damages. This result is considerable in light of the risks Plaintiff faced in establishing liability and damages in this case. While Plaintiff's counsel believes Plaintiff's claims to be meritorious, they are experienced and realistic, and understand evidentiary hurdles associated involved with proving hours worked in the absence of accurate recordkeeping.

Furthermore, the attorneys' fees and costs which Plaintiff's Counsel stands to receive under the proposed Settlement Agreement – which amount to approximately thirty-five percent (35%) of the total Settlement Amount, and which are being paid in addition to Plaintiff's recovery – are fair, reasonable, and consistent with the contingent fee agreement entered into by Plaintiff at the onset of this litigation.[2] In addition, because, as indicated above, Plaintiff's

---

[1] This estimate utilizes the three (3) year statute of limitations applicable to willful violations under the FLSA. In this regard, Plaintiff estimates that, were he successful in demonstrating that he worked an average of fifty (50) hours per week, he would be owed an overtime premium of approximately $4,536.50, plus an equal amount in liquidated damages, for a possible recovery of $9,073 attributable to his wage claims under the FLSA. However, under the Settlement Agreement, Plaintiff stands to receive an additional, 25,081.31, which, although not specifically designated as such in the Settlement Agreement, represents a resolution of Plaintiff's retaliation claim under the LAD.

[2] It should be noted that the thirty-five percent (35%) contingent fee arrangement entered into by Plaintiff at the onset of this litigation is also consistent with the percentage of recovery awards typically approved in FLSA common fund cases within this Circuit. See Mabry v. Hildebrandt, 2015 WL 5025810, at *2 (E.D. Pa. Aug. 24,

3

recovery under the proposed Settlement Agreement is estimated to exceed his maximum recovery in unpaid overtime compensation and liquidated damages under the FLSA, the fees and costs to be awarded to Plaintiff's Counsel do not reduce Plaintiff's recovery, and need not be subject to further scrutiny by the Court.  See Velez v. Audio Excellence, Inc., 2011 U.S. Dist. LEXIS 111179, at *9 (M.D. Fla. Sep. 21, 2011) (explaining that Lynn's Foods requires a court to determine whether a plaintiff's compromise of his or her claims is fair and reasonable, and that, where a plaintiff has not compromised those claims, the court "need not scrutinize the settlement further to consider whether the payment to [plaintiff's] attorney, the hourly rate claimed by [plaintiff's] attorney, or the costs claimed by [plaintiff's] attorney are reasonable.") (citing Lynn's Foods, 679 F.2d at 1352-55) (emphasis in original); see also Harper v. Caroline's Country Store, LLC, 2017 U.S. Dist. LEXIS 199573, at *3 (M.D. Ala. Dec. 5, 2017) ("[B]ecause the attorney's fee in the settlement agreement does not come out of [the plaintiff's] recovery, which provides the full amount of her unpaid wages and liquidated damages, the court need not assess the reasonableness of this fee."); McGee v. Family Dollar Stores of Fla., Inc., 2016 U.S. Dist. LEXIS 99529, at *5 (S.D. Fla. May 18, 2016) (finding full recovery to plaintiff and fact that attorneys' fees were being paid by way of a separate, additional payment, supported a finding that the settlement was fair and reasonable, satisfying the concerns expressed in Lynn's Food); c.f. Gabrielyan, 2015 U.S. Dist. LEXIS 135615, at *6 (noting as indicative of the fairness and reasonableness of proposed FLSA settlement the fact that plaintiff stood to receive full compensation for his alleged overtime hours along with an equal amount in liquidated damages,

---

2015) (noting that such awards typically range from twenty percent (20%) to forty-five percent (45%) of the common fund).

and that the defendant was paying an award of attorneys' fees and costs in addition to that amount).³ Accordingly, the proposed settlement is clearly fair and reasonable to Plaintiff.

Finally, the Settlement Agreement does not frustrate the implementation of the FLSA in the workplace. As a preliminary matter, the Settlement Agreement embodies the Parties' agreement, upon substantial investigation and arms' length negotiation over the course of several months, being adequately represented by counsel, to resolve all of Plaintiff's employment related claims against Defendant, including Plaintiff's LAD claims. While the Settlement Agreement does contain a limited confidentiality provision, it does not contain a material default provision which might provide Defendant with the means to retaliate against Plaintiff in the event of his breach of that provision. Although the Settlement Agreement does provide for a general release of Plaintiff's non-wage related claims, "there is nothing inherently unfair about a release of claims in an FLSA settlement." See Lola v. Skadden, Arps, Meagher, Slate & Flom LLIP, Civ. A. No. 15-1529, 2016 U.S. Dist. LEXIS 12871, at *4 (S.D. N.Y. Feb. 3, 2016) (approving general release of claims in FLSA settlement). In this regard, in addition to resolved Plaintiff's overtime claims under the FLSA, the Settlement Agreement also provides for the resolution of Plaintiff's pending LAD claims, and, as described above, the consideration to be received by Plaintiff under the Settlement Agreement includes a significant amount aboe Plaintiff's total possible recovery of unpaid overtime compensation and liquidated damages under the FLSA. Thus, the Settlement Agreement's general release does not represent employer overreach, but

---

³ Moreover, "[f]ee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able legal counsel.'" See Aros v. United Rentals, Inc., 2012 WL 3060470, at *4 (D. Conn. July 26, 2012) (quoting Sand v. Greenberg, 2010 U.S. Dist. LEXIS 1120, at *9 (S.D.N.Y. Jan. 7, 2010)); see also Willix v. Healthfirst, Inc., 2011 U.S. Dist. LEXIS 21102, at *17 (E.D.N.Y. Feb. 18, 2011) ("Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk.")

rather "the fair result of a balanced negotiation, in which Plaintiff [] [was] represented by able counsel." Id.

In sum, because the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions without frustrating the purposes of the FLSA, the Court should approve the parties' Joint Motion to Approve Settlement Agreement.

Accordingly, the Parties respectfully request that the Court find that the Settlement Agreement reached between the Parties represents a fair, reasonable, and adequate resolution of Plaintiffs claims against Defendant under the FLSA, and enter an order, substantially in the form attached hereto as Exhibit "B," approving the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| */s/ Preeya Bansal* | /s/ *Jeffrey Downs* |
| Preeya Bansal, Esq. | Jeffrey Downs, Esq. |
| Murphy Law Group, LLC | J. Downs Law |
| Eight Penn Center, Suite 2000 | 69 S. Main Street |
| 1628 John F. Kennedy Blvd. | Mullica Hill, NJ 08062 |
| Philadelphia, PA 19103 | jeff@downslaw.com |
| pbansal@phillyemploymentlawyer.com | *Attorney for Defendant* |
| *Attorneys for Plaintiff* | *Express Transfer & Trucking* |
| *Dorian Hudson* | |

Dated: August 13, 2020