# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between, Dorian Hudson ("Hudson") and Express Transfer & Trucking ("ETT"). Hudson  and ETT are referred to collectively herein as the "Parties."

WHEREAS, on May 11, 2020, Hudson filed a Complaint in the United States District Court for the District of New Jersey, captioned *Dorian Hudson v. Express Transfer & Trucking*, Case No. 20-05771 (hereinafter "the Lawsuit"), alleging violations of the New Jersey Law Against Discrimination (NJ LAD), the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("WHL");

WHEREAS, ETT denies all of the allegations of wrongdoing made by Hudson in the Lawsuit and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted or that could have been asserted in the Lawsuit or otherwise; and

WHEREAS, the Parties desire to avoid the burden, uncertainty, and expense of further litigation and desire to settle fully and finally the Lawsuit;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree as follows:

1.      **Settlement Amount.**  In consideration for the promises and agreements made in this Agreement, ETT shall pay Hudson the gross sum of Fifty-Three Thousand, One Hundred Sixty Dollars and Fifty-Three Cents ($53,160.53) (the "Settlement Amount") within twenty-one (21) days of the Court's issuance of an Order approving the terms of this Agreement.  The Settlement Amount shall be allocated as follows:

        a.      Seventeen Thousand Seventy Seven Dollars and Seventeen Cents ($17,077.17), less legally mandated withholdings, representing payment for alleged

2

wage-based damages, paid to Dorian Hudson, which payment will be documented on an IRS Form W-2 issued to Hudson in the normal course of business;

b.      Seventeen Thousand Seventy Seven Dollars and Eighteen Cents ($17,077.18), representing payment for alleged non-wage damages, paid to Dorian Hudson, which payment will be reported on an IRS Form 1099 issued to Hudson in the normal course of business;

c.      Nineteen Thousand Six Dollars and Eighteen Cents ($19,006.18), representing payment for attorneys' fees and costs, paid to Hudson's counsel, Murphy Law Group, LLC, which payment will be reported on IRS Forms 1099, issued in the normal course of business.

2.      **Order of Court Approval.**  Upon execution of this Agreement, Hudson and ETT will present this Agreement to the Court for its approval as an attachment to a Joint Motion for Approval of Settlement, the form of which will be agreed upon by the Parties before filing with the Court.

3.      **Taxation and Indemnification.**  Hudson acknowledges and agrees that ETT has made no representations to him regarding the tax consequences of any amounts contemplated by, or received by him, pursuant to this Agreement.  Except for ETT's share of payroll taxes in paragraph 1(a), Hudson agrees to pay his share of federal, state, or local taxes, if any, that are required by law to be paid with respect to any funds payable to him or his counsel pursuant to this Agreement.  Except for ETT's share of payroll taxes in paragraph 1(a), Hudson agrees to indemnify and hold ETT harmless from any claims, demands, penalties, interest, deficiencies, levies, assessments, executions, judgments, or recoveries by any governmental entity against ETT for any amounts claimed due on account of ETT's non-payment of taxes on monies contemplated

by, or paid under, this Agreement, or pursuant to any claims made as a result of his failure to pay taxes on monies contemplated by, or paid under, this Agreement under any federal, state, or local tax laws, and any costs, expenses, or damages sustained by ETT by reason of any such claims, including any amounts paid by ETT on Hudson's behalf as taxes, deficiencies, levies, assessments, penalties, interest, or otherwise.

4. **No Pending Claims.**  Hudson warrants and represents that, other than the Lawsuit, as of the date on which he signed this Agreement, he has no pending claims against the Released Parties in any court, agency, arbitration forum, or other tribunal.

5. **General Release of Claims.**  Hudson agrees that he shall irrevocably and unconditionally release, acquit and forever discharge ETT and its parents, subsidiaries, members, managers, officers and directors with respect to all claims, known and unknown to him, with the exception of ETT's obligations to Hudson under this Agreement, including any wage and hour claims under state or federal law relating to his employment by or provision of services to ETT including, without limitation, the failure to pay wages, back wages, overtime, minimum wages, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state or local wage and hour laws, including, but not limited to the Fair Labor Standards Act and the New Jersey Wage and Hour Law.  Hudson agrees that he shall irrevocably and unconditionally release, acquit and forever discharge ETT with respect to any claims under state or federal law relating to any matter of employment or the provision of services with, to or for ETT, including any form of compensation or relief permitted under any federal, state or local laws, including, the Family and Medical Leave Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1991, or the New Jersey

Law Against Discrimination, during the time that Hudson was employed by or otherwise performed services for ETT, and will not commence or prosecute, either in concert or individually, any action or proceeding, whether legal, judicial or quasi-judicial, on behalf of himself or any other person or entity, asserting claims, against Defendants. This release and waiver does not apply to Hudson's right to enforce this Agreement.

Nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as may be applicable on the date Hudson signs this Agreement, (iii) that may arise after Hudson signs this Agreement, or (iv) which cannot be released by private agreement. In addition, nothing in this Agreement, including but not limited to the release of claims, prevents Hudson from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the EEOC, NLRB, Securities and Exchange Commission, or any other any federal, state or local agency charged with the enforcement of any laws, including providing documents or other information, or from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this release Hudson is waiving rights to individual relief based on claims asserted in such a charge or complaint, or asserted by any third-party on Hudson's behalf, except for any right he may have to receive payment from a government agency (and not Stoltzfus) for information provided to the government agency.

6.    **No Admission of Liability.**  This Agreement does not constitute an admission of any liability or wrongdoing by ETT. Except for seeking approval of the Agreement by the Court, the Parties agree that this Agreement shall not be admissible in any proceeding (without the written consent of the Parties or unless ordered by a court of competent jurisdiction), except one instituted by either Party alleging a breach of this Agreement.

7.      **Limited Confidentiality/No Material Default.** ETT and Hudson understand and agree that this Agreement and its shall be confidential by and amount the Parties. In response to any inquiries regarding this Lawsuit, the Parties agree to simply state, "The matter has been resolved, and to refrain from further comment. However, this limited confidentiality requirement shall not prohibit the Parties from disclosing the existence or terms of this Agreement to their respective legal counsel, accountants, financial advisors, spouses, or close family members, or as may be compelled by court order, subpoena, or other legal process. Hudson understands, covenants, and agrees that ETT may seek to enforce this limited confidentiality requirement by seeking appropriate equitable relief, but that ETT shall not be entitled to recover legal damages, penalties, fees, expenses, or costs associated with ETT's violation of this confidentiality requirement in any such enforcement action.

8.      **Non-Disparagement.** The Parties agree not to disparage any Plaintiff or Defendant involved in this Action in any way, or say or do anything that would harm the reputation of that individual and/or corporate entity.

9.      **Neutral Reference.** ETT agrees that it will respond to all inquiries made by potential employers concerning Hudson by providing only a neutral reference consisting of dates of employment and position held and by stating that it is company policy not to provide any additional information regarding prior employees.

10.     **Entire Agreement; Authority and Binding Effect.** This Agreement contains and constitutes the entire understanding and agreement between the Parties respecting the subject matter hereof and supersedes and cancels all previous negotiations, representations, agreements, commitments, and writings in connection herewith. The Parties expressly acknowledge that, in entering this Agreement, they consulted with counsel of their choice, they have not relied upon

any representation made by or on behalf of the other Party, and any such representations are not enforceable except to the extent set forth in writing in this Agreement.

11.    **No Waiver.**  The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term, covenant, and condition of this Agreement.

12.    **Counterparts.**  This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.  Signatures to this Agreement may be transmitted by facsimile or electronic scan and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

13.    **Arms-Length Negotiation and Materiality of Terms.**    The Parties have negotiated all the terms and conditions of this Agreement at arms-length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

14.    **Captions.**  The captions or headings of the paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

15.    **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

16.    **Governing Law.**  This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New Jersey.

17.   **Continuing Jurisdiction.**   The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement.

IN WITNESS WHEREOF, the undersigned Parties have executed and delivered this Settlement Agreement and Release of Claims as of the respective dates set forth by each Party's name below.

**DORIAN HUDSON**                                    **EXPRESS TRANSFER & TRUCKING**


                                                     By: _____

_____                      Date: _____

Date: _____

8