```
            UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DORIAN HUDSON,<br><br>        Plaintiff,<br><br>   v.<br><br>EXPRESS TRANSFER & TRUCKING,<br>        Defendant. | 1:20-cv-05771-NLH-AMD<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES**

PREEYA BANSAL
MURPHY LAW GROUP, LLC
EIGHT PENN CENTER, SUITE 2000
1628 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff*

JEFFREY DOWNS
J. DOWNS LAW
69 S. MAIN STREET
MULLICA HILL, NJ 08062

   *On behalf of Defendant*

**HILLMAN**, **District Judge**

    WHEREAS, Plaintiff Dorian Hudson filed a complaint alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD"); and

    WHEREAS, the parties settled their claims, and currently pending before the Court is the parties' joint motion to approve

the settlement; and

WHEREAS, because Plaintiff's claims are for alleged violations of the FLSA, the Court is required to review the settlement agreement and determine whether the matter concerns a bona fide dispute, and whether the settlement is a fair and reasonable resolution for Plaintiff, Brumley v. Camin Cargo Control, Inc., 2012 WL 1019337, at *1 (D.N.J. 2012); and

WHEREAS, on February 5, 2021, this Court found that the matter concerns a bona fide dispute and the settlement - as far as the monetary compensation and attorneys' fees - is a fair and reasonable resolution for Plaintiff (Docket No. 9 at 6); but

WHEREAS, the Court further found that the settlement agreement's limited confidentiality provision, the general release provision, and the continuing jurisdiction provision were questionable (Id. at 7); and

WHEREAS, the Court ordered the parties to show cause, within 15 days, as to why (1) the joint motion to approve the settlement should not be denied due to the inclusion of the confidentiality and general release of claims provisions in their current form, or (2) the Court should not strike those provisions and approve the remainder of the settlement terms (Id. at 14); and

WHEREAS, the Court further ordered the parties to modify the continuing jurisdiction provision to provide a reasonable

2

termination date for the Court's retention of jurisdiction (Id.); and

WHEREAS, the Court noted that if the parties determined that they wished to modify or remove the confidentiality and general release provisions, they could resubmit a revised settlement agreement for the Court's consideration (Id. at 14 n.5); and

WHEREAS, on February 24, 2021, the parties submitted a revised settlement agreement that removed the confidentiality provision and the retention of jurisdiction provision, and modified the release provision to only those claims asserted in this litigation; and

WHEREAS, the Court finds for the reasons expressed in the February 5, 2021 Opinion that the revised settlement agreement (Docket No. 11-1) memorializes a fair and reasonable resolution for Plaintiff;[1]

THEREFORE,

IT IS on this   3rd   day of   March  , 2021

ORDERED that the Joint MOTION for Settlement Approval [8]

---

[1] As noted in the Court's prior Opinion with regard to the original settlement agreement, the general release provision in the revised settlement agreement references "Stoltzfus" in the last sentence.  (See Docket No. 9 at 9; Docket No. 11-1 at 5.)  The Court finds this to be a scrivener's error and "ETT" should be substituted for "Stoltzfus."  This drafting error does not impact the Court's ability to approve the revised settlement agreement.

3

be, and the same hereby is, GRANTED, and the Court approves the revised settlement agreement [11-1]; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |